**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **United States,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Robert Gorman,**<br><br>**Defendant.** | No. 13-270 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Defendant Robert Gorman brings this action pursuant to 18 U.S.C. § 3402, seeking review of the decision of the Magistrate's Judgment of Conviction on one count of lewdness. For the reasons that follow, the Magistrate Court's decision is **AFFIRMED.**

## I. BACKGROUND

On October 14, 2012, a park ranger arrested Defendant Robert Gorman when he observed Defendant masturbating during park hours at Gateway National Recreation Area (Sandy Hook), in Highlands, New Jersey. Defendant was issued a Violation Notice for public lewdness pursuant to 36 C.F.R. § 7.29(c). This is a class B misdemeanor carrying penalties of up to 6 months imprisonment and fines of up to $5,000. Defendant pled guilty to this offense on December 19, 2012.

Defendant Robert Gorman is a single, sixty-six-year-old male currently residing in New York, New York. He has one prior offense. In 1972, he was arrested in New York City and charged with "obscene performance." He plead guilty to an amended charge of disorderly conduct.

In preparation for the current sentencing, the Magistrate ordered preparation of a Pre-Sentence Investigation Report ("PIR"). As part of the PIR process, Defendant was provided with a personal financial statement form, which he was required to complete and submit to the probation office. Defendant failed to do so.

Despite Defendant's failure, the PIR contained adequate information about his financial condition and ability to pay a fine. The PIR noted the following: Defendant has been consistently working in the food industry since 1978, most recently at various catering companies in the New York area. He reported an adjusted annual gross income of approximately $14,000. He has no significant assets and had credit card debt of $210.

The PIR also noted Gorman is a Navy veteran with some college education. He lives in a low-income co-operative building. He is divorced and has a 42-year-old son from his previous marriage. The PIR also noted that he is mentally healthy, without substance abuse or gambling problems. He does have several physical health conditions, including sciatic pain from a ruptured disc, mitral valve prolapse, and gastrointestinal discomfort that he attributes to food poisoning. He receives treatment for his conditions through the Veteran's Administration Clinic. There was no report that his physical conditions interfered with his ability to work.

The Magistrate sentenced Defendant on March 20, 2013 to pay a $1,000 fine, with the option of payment in $75 monthly installments. On April 11, 2013, the Magistrate entered a Judgment of Conviction. On April 16, 2013, Defendant timely filed notice of appeal claiming that the Magistrate erred as a matter of law by refusing to look at Defendant's personal financial statement when he tried to hand it to the Magistrate at the time of the sentencing. Defendant stated in front of the Magistrate that he was unaware that he had to submit the personal financial statement to the probation office.

With apparent frustration, the Magistrate refused to look at Defendant's personal financial statement, citing Defendant's failure to follow the procedure of giving it to his probation officer. Nevertheless, the Magistrate did hear the Federal Defender request a low fine based upon Mr. Gorman being periodically on unemployment and making only $14,000 a year.

Although the Magistrate's tone towards the Defendant was brusque after Defendant tried to submit his personal financial statement, the Magistrate did repeatedly ask both Defendant and the Federal Defender for additional facts that they wanted him to consider before sentencing Defendant.

## II. STANDARD OF REVIEW

For the purpose of this appeal, the court will review the findings of the Magistrate for clear error. *United States v. Seale*, 20 F.3d 1279, 1284 (3d Cir. 1994). A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948). A decision is considered contrary to the law if the Magistrate has "misinterpreted or misapplied the applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

## III. DISCUSSION

The question presented for review is whether the Magistrate erred as a matter of law when imposing a fine of $1,000 on Defendant. The factors a court must consider in determining whether a defendant can pay a fine include:

> **(1)** the defendant's income, earning capacity, and financial resources;
> **(2)** the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;
> **(3)** any pecuniary loss inflicted upon others as a result of the offense;
> **(4)** whether restitution is ordered or made and the amount of such restitution;
> **(5)** the need to deprive the defendant of illegally obtained gains from the offense…

18 U.S.C. § 3572. Defendant argues that the Magistrate failed to consider the statutory factors set forth above, specifically, by failing to consider Defendant's income and earning capacity prior to sentencing.

The court need not explicitly demonstrate that it has considered a defendant's ability to pay a fine but may do so implicitly after considering the evidence set forth in the record. *United States v. Torres*, 209 F.3d 308, 313 (3d Cir. 2000). Furthermore, "It is well-established that a district court need not make findings regarding every factor involved in its sentencing decision so long as the record is sufficient to show the district court took the relevant factors into account." *United States v. Watkins*, 329 F. App'x 354, 357 (3d Cir. 2009).

In the instant matter, the record demonstrates that the Magistrate explicitly or implicitly considered the relevant factors. Defendant's stable employment history, his lack of significant assets or liabilities, his mental and physical ability to work, his lack of dependents, and his income were reported in the PRI. During his hearing,

Defendant's counsel informed the Magistrate that he at times received unemployment benefits, including on the day of the sentencing. Defendant's counsel also reminded the judge of Defendant's income: $14,000. Thus, the Magistrate properly considered Defendant's financial circumstances pursuant to the factors set forth in 18 U.S.C. § 3572.

Defendant further argues that the Magistrate erred by failing to physically view certain documents that Defendant presented to the Magistrate at Defendant's hearing. These documents, Defendant argues, required consideration under 18 U.S.C. § 3572 and that by failing to physically view Defendant's documents in court, the Magistrate failed to properly consider Defendant's financial status and ability to pay the $1,000 fine. (Defendant's Br. 6).

Defendant has the burden of submitting evidence that he was unable to pay the $1,000 fine. *United States v. Tovias-Marroquin*, 218 F.3d 455, 458 (5th Cir. 2000). Failure to comply with the pre-sentencing procedures regarding the personal financial information form does not deny the court the opportunity to impose a fine. *See id.*

More importantly, Defendant has not asserted that the documents he attempted to present at the sentencing contained any additional relevant information other than that which was already reflected in the record. The Third Circuit has held that, "Where the court has created enough of a factual record that it is clear that it considered a defendant's ability to pay, its findings may be deemed adequate." *United States v. Seale*, 20 F.3d 1279, 1284 (3d Cir. 1994). As mentioned above, the record contained substantial financial information regarding Defendant. This information was adequate for the Magistrate to consider and determine that Defendant had the ability to pay the fine assessed. Thus, the Magistrate did not need to physically view the documents presented at Defendant's hearing to properly consider Defendant's financial circumstances.

Finally, the amount of the fine, $1,000, is well under the $5,000 maximum fine for public lewdness. The court in *United States v. Watkins* found that a defendant earning about $400 per month could pay a fine in $100 monthly installments. 329 F. App'x 354, 356 (3d Cir. 2009); *see also United States v. Perry*, 525 F. App'x 185, 189 (3d Cir. 2013) (stating that courts have repeatedly allowed similar fines imposed on indigent defendants). Similarly here, Defendant would only be required to pay $75.00 per month. Thus, the $1,000 fine was not clearly erroneous.

## IV. CONCLUSION

For the reasons above, the Magistrate's decision is **AFFIRMED.** An appropriate order follows.

/s/ William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 7, 2014**